UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **LAKEVIEW LOAN SERVICING, LLC,** § | |
| § | |
| *Plaintiff,* § | |
| v. § | EP-25-CV-00060-DCG-MAT |
| § | |
| **DANIEL SALAZAR LIRA; and UNITED** § | |
| **STATES OF AMERICA, ON BEHALF** § | |
| **OF THE SECRETARY OF HOUSING** § | |
| **AND URBAN DEVELOPMENT,** § | |
| § | |
| *Defendants.* § | |

**ORDER**

On this day, the Court considers Plaintiff Lakeview Loan Servicing LLC's Second Motion for Extension of Time to Serve Process and Motion for Substituted Service of Process (ECF No. 26). By its motion, Plaintiff asks the Court to (1) extend time for Service of Process to November 10, 2025; (2) approve substitute service of Defendant Daniel Salazar Lira, under Federal Rule of Civil Procedure 4(e) and the Texas Rules of Civil Procedure. The Court will **DENY** the motion in part and **GRANT** the motion in part.

**I.    BACKGROUND**

Plaintiffs allege Defendant Daniel Salazar Lira made, executed, and delivered to Change Lending, LLC a Promissory Note, in writing, whereby Daniel Salazar Lira promised to pay Change Lending, LLC the amount of $149,148.00 plus interest. ECF No. 1. Thereafter, Change Lending, LLC endorsed the Note and the same was assigned to Lakeview Loan Servicing, LLC. *Id.* Plaintiffs allege that Defendant has failed and refused to pay amounts that have come due under the loan although repeated demands for payment have been made. *Id.*

Plaintiffs now request an order extending time for Service of Process on Defendant Daniel Salazar Lira to November 10, 2025 and approving the substitution of service of Defendant Daniel Salazar Lira, under Federal rule of Civil Procedure 4(e) and the Texas Rules of Civil Procedure. Plaintiffs attach by reference three Affidavits of Due Diligence to their motion, which detail various attempts at different addresses to serve the Defendant. El Garni Affs., ECF Nos. 10, 24, 25. First, process server Caroline El Garni describes her attempts to serve Defendant Daniel Salazar Lira by personal service at 14616 Adonis Blue Ct., Horizon City, TX 79928, on May 3, 2025 at 9:31 a.m., May 8, 2025 at 12:33 p.m., and May 12, 2025 at 8:06 p.m. El Garni Aff., ECF No. 10. The Adonis Blue address is the property giving rise to this litigation and is the Defendant's last known address. ECF No. 1, ¶¶ 2, 8. The El Garni affidavit then describes her attempt to serve Defendant by personal service at 2033 Sun Tide Drive, El Paso TX, 79938, on September 9, 2025 at 8:28 p.m., this address resulting from a "SKIP trace"[1] search by Ms. El Garni for any possible known addresses. El Garni Aff., ECF No. 25. The affidavit further describes Ms. El Garni's conversations with neighbors at the address, and her investigation on the El Paso Central Appraisal District website. *Id.* Finally, it details her attempt to serve Defendant at 1300 Amherst Dr, El Paso TX 79928 on September 23, 2025 at 6:26 p.m., this address being the result of a second "SKIP trace" search. El Garni Aff., ECF No. 24.

## II. DISCUSSION

### A. Motion for Leave

Federal Rule of Civil Procedure 4 governs service of process in the federal courts. Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days

---

[1] A "skip trace" is "a process of collecting information on a hard to find individual in an attempt to locate them. Various records and methods are used such as searching phone number databases, credit reports, utility bills, public tax information, and other online resources and databases." *Auto-Owners Ins. Co. v. Clayton*, No. 2:21-cv-92, 2022 WL 1322666, at *1 n.2 (D. Utah May 2, 2022).

2

after a complaint is filed. Generally, a court must grant an extension of the service period if a plaintiff shows good cause. Good cause requires "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified." *Winters v. Teledyne Movibile Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (alterations in original) (quoting 10 Wright & Miller *Federal Practice and Procedure: Civil* § 1165 (1985). The Court focuses on the actions of the plaintiff that took place within the requisite period to serve the defendant. *See Winters*, 776 F.2d at 1305-06 ("It would appear to be generally irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days.").

Plaintiffs have shown that they have been diligently attempting to serve Defendant Daniel Salazar Lira. Plaintiffs hired a process server, Christina El Garni, who has attempted to serve the Defendant three times over three weeks at his last known address as well as SKIP tracing the Defendant to two other addresses and attempting service there. El Garni Affs., ECF Nos. 10, 24, 25. For these reasons, the Court concludes that granting an extension of time to allow Plaintiffs to serve Defendant is reasonable.

### B. Motion for Substituted Service

For service on an individual within the United States, Federal Rule of Civil Procedure 4(e)(1) provides that "an individual . . . may be served . . . by [ ] following state law for serving a summons in . . . the state where the district court is located . . . ." Effectively, Rule 4(e)(1) permits the service of the summons and complaint on individuals in Texas by the means permitted for serving process under Texas law. Fed. R. Civ. P. 4(e)(1).

Texas Rule of Civil Procedure 106 governs the permissible methods of service of process. Rule 106(a) instructs for service to be accomplished by: "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a)(1)-(2).

If service under Texas Rule 106(a) is unsuccessful, a court may authorize another method of service under Texas Rule 106(b). Texas Rule of Civil Procedure 106(b) allows for substitute service:

> (b) Upon motion supported by a statement–sworn to before a notary or made under penalty of perjury–listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
> > (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
> >
> > (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106 (b). For substituted service to be authorized under 106(b), the supporting affidavit must "strictly comply" with the requirements of Texas Rule 106(b). *Chrisenberry v. Ketcher*, MO:21-CV-146-DC-RCG, 2022 WL 2762219, at *1 (W.D. Tex. May 18, 2022) (citing *Taylor v. El Centro Coll.*, No. 3:21-CV-D-BH, 2022 WL 581812, at *2 (N.D. Tex. Feb. 25, 2022). In determining whether service by email or social media would be effective, courts in Texas consider whether the defendant has recently communicated through that email. *Mango Eleven, LLC v. Bharwani*, SA-24-CV-01477-DAE, 2025 WL 1576502 (W.D. Tex. Apr. 7, 2025).

Additionally, "multiple federal district courts in Texas have considered Federal Rule of Civil Procedure 4(e) and Texas Rule 106(b) together to allow substituted service by attaching the citation, petition or complaint, and order to the front door or gate of the location identified in the affidavit, recognizing that attachment alone is reasonably likely to give a defendant actual notice of the suit as required by Rule 106(b)." *Baron v. Baron*, 3:16-CV-3465-C-BH, 2017 WL 7512935, at *2 (N.D. Tex. May 12, 2017) (citing *Heras v. Rapid Tax, Inc.*, No. 5:13-CV-498-DAE, 2014 WL 2481629, at *3 (W.D. Tex. June 3, 2014) (allowing service by leaving with someone 16 years of age or older at defendant's home or by posting the summons, complaint, and order on the door of defendant's home after multiple attempts at personal service); *see also Cont'l Cas. Co. v. Swink Ins. Servs., LLC,* No. 3:14-CV-3149-D, 2014 WL 4978665, at *2 (N.D. Tex. Oct. 6, 2014) (authorizing leaving a copy of the summons and complaint affixed to the front door of the defendant's residence provided plaintiff first attempt to effect service on a person over the age of 16 at the address); *Evergreen Nat. Indem. Co. v. Herndon,* No. 3:07-CV-0184-B, 2007 WL 2827978, at *1 (N.D. Tex. Sept. 28, 2007) (authorizing affixing the summons, complaint, and other papers to the front gate of the defendant's residence as reasonably effective to give the defendant notice).

Texas Rule of Civil Procedure 109 permits service of process by publication if a plaintiff, her agent, or her attorney provides, by affidavit, that: (1) either the defendant is a "transient person" or the affiant does not know the defendant's residence; and (2) either the defendant is absent from or a nonresident of Texas or, after due diligence, the affiant has been unable to locate the defendant's whereabouts; and (3) for service in another state, the party seeking service by publication "has attempted to obtain personal service of nonresident notice as provided for in [Texas Rule of Civil Procedure] 108, but has been unable to do so." Tex. R. Civ. P. 109; *see*

*Laballe v. La. Crane & Constr., LLC*, No. DR-16-CV-009-AM-VRG, 2017 WL 11068769, at *2 (W.D. Tex. Apr. 12, 2017). "The trial court . . . has a mandatory duty to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant" or to effect service in another state. *In re Marriage of Peace*, 631 S.W.2d 790, 794 (Tex. App.–Amarillo 1982, no writ); *see* Tex. R. Civ. P. 109. Such diligence "includes making 'inquiries that someone who really wants to find the defendant would make.'" *Sun Life Assurance Co. of Can. v. McKinney*, No. 3:21-CV-2265-B, 2022 WL 256504, at *2 (N.D. Tex. Jan. 27, 2022) (quoting *In re E.R.*, 385 S.W.3d 552, 565 (Tex. 2012)). Absent these Rule 109 requirements, service by publication is not appropriate. *Laballe*, 2017 WL 11068769, at *3 (citing *Wood v. Brown*, 819 S.W.2d 799, 800 (Tex. 1991) (overturning default judgment where affidavit for service by publication did not state that the defendant's address was unknown, or that he was a transient person among other shortcomings)).

To properly effectuate service of process by publication, "[t]he citation must be published once each week for 4 consecutive weeks [in a newspaper in the county where the suit is pending], and the first publication must be at least 28 days before the return is filed." Tex. R. Civ. P. 116(c)(2), (c)(3). Additionally, "[t]he citation shall contain the names of the parties, a brief statement of the nature of the suit (Which need not contain the details and the particulars of the claim) a description of any property involved and of the interest of the named or unknown defendant." Tex. R. Civ. P. 114.

Plaintiff seeks to serve process on Defendant via certified mail to Defendant's last known address under Texas Rules of Civil Procedure 106(a)(2) and to serve process via citation by publication. Pls. Mot. ¶¶ 13, 14. Rule 106 permits service of process through either personal service or certified mail in the State of Texas. *See* Tex. R. Civ. P. 106. Yet service of process via

6

certified or registered mail, or by affixing the summons, petition or complaint, and order to the front door or gate of Defendant's last known address has not been attempted here.

Plaintiff's motion does not meet the exacting requirements for citation by publication under Texas Rule of Civil Procedure 109. Plaintiff is required to make the showings necessary to support citation by publication. While the affidavits unquestionably point to diligence on the part of the process server to locate and serve the Defendant, none of the affidavits referenced in the motion indicate that Defendant's residence is "unknown," or that Defendant is a "transient person." Instead, the affidavits and motion describe the difficulties in trying to serve Defendant at their last known address in Horizon City, searches for other possible addresses, and attempts to serve them there. El Garni Affs. ECF Nos. 10, 24, 25. These representations do not support the inference that Defendant's address is unknown; nor does the fact that Plaintiff requests to serve Defendant via certified mail at the same address they have attempted personal service at three times. *See* Pls. Mot. ECF No. 26 at ¶13; El Garni Aff. ECF No. 10.

The Texas rules on service provide a variety of alternate methods of service depending on the circumstances of the case. First, Texas Rule of Civil Procedure 106(a) contemplates in person service or service by registered or certified mail. If unsuccessful in either of those two methods of service, Rule 106(b) then allows service by leaving the petition with anyone older than 16, "by social media, email, or other technology" which would be reasonably expected to provide notice, or by attaching the citation, petition or complaint, and order to the front door or gate of the location identified in an affidavit. *See Baron,* 2017 WL 7512935, at *2. It is the Court's opinion that *all* of these methods must be exhausted before allowing the plaintiff to avail themselves of service by publication pursuant to TRCP 109. The affidavits by Ms. El Garni show repeated efforts at three different addresses to personally serve the Defendant, including three attempts at

the last known address (the Adonis Blue address); the affidavits further show no contact with anyone at two of the addresses, as well as contact only with an individual at the Sun Tide Drive address who had no knowledge of the Defendant. Notwithstanding these expansive efforts at service, the Court will allow for an extension of the period of time to allow for service by registered or certified mail and by attaching the summons, complaint, and order to the front gate of the Defendant's last known address.[2]

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Second Motion for Extension of Time to Serve Process and Motion for Substituted Service of Process is **DENIED** in part and **GRANTED** in part.

Plaintiffs Motion for Substituted Service of Process is **DENIED.**

**IT IS ORDERED** that Plaintiffs have until November 17, 2025, to serve Daniel Salazar Lira via registered or certified mail to his last known address: 14616 Adonis Blue Ct, Horizon City, TX 79928 pursuant to Texas Rule of Civil Procedure 106(a).

**IT IS FURTHER ORDERED** that Plaintiffs have until November 17, 2025, to serve Daniel Salazar Lira by attaching the summons, complaint, and this order to the front door or gate to his last known address: 14616 Adonis Blue Ct, Horizon City, TX 79928 pursuant to Texas Rule of Civil Procedure 106(b) and Federal Rule of Civil Procedure 4(e).

**SIGNED** this 6th day of November, 2025.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

---

[2] Should the Plaintiff make the necessary showing in a subsequent filing to support service to a known, previously used email address, the Court will address it at that time. That showing has not been made in the instant affidavits.